UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN WAYNE FELDMANN, | Case No. 2:14-cv-00764-GMN-PAL |
| Plaintiff, | ORDER |
| v. | (IFP App – Dkt. #1) |
| U.S. BANK, et al., | |
| Defendants. | |

Plaintiff Steven Wayne Feldmann is proceeding in this action pro se. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.  In Forma Pauperis Application (Dkt. #1).**

Feldmann has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.  Screening the Complaint.**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies, unless it is clear from the

face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id*. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Plaintiff's Complaint names the financial clerk/owner of Speedy Cash Loans; bank clerk or clerks at a U.S. Bank location in Madison, Wisconsin; the financial clerk/owner of Rapid Cash in Las Vegas, Nevada; and Ontario Aircraft Services d/b/a United States Parcel Service;[1] and postmaster/clerks at the United States Postal Service. The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991).

---

[1] It appears Plaintiff means United Parcel Service.

The employees of Speedy Cash Loans, U.S. Bank, Rapid Cash, and Ontario Aircraft Services are all private individuals. Although § 1983 is generally not applicable to private parties, a private party may be sued when it is a willful participant in joint action with the state or its agents. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). A private party is liable under § 1983 only if its actions are "inextricable intertwined" with the government's. *See Mathis v. Pac. Gas & Elec. Co.*, 75 F.3d 498, 503 (9th Cir. 1996); *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir.1989) (necessitating a showing of "substantial cooperation" between the private party and the state). Stated another way, a private party acts under color of state law only if it is "clothed with the authority of state law." *McDade*, 223 F.3d at 1139.

None of the Defendants named in the complaint are state actors. Feldmann has not alleged the Defendants acted under color of state law, acted by virtue of state law, or were clothed with authority of state law. Feldmann does not allege any of the Defendants were "willful participants" with state government actors or that their actions were "inextricably bound" with those of the state. Accordingly, Feldmann cannot state § 1983 claims against the unspecified employees at Speedy Cash Loans, U.S. Bank, Rapid Cash, or Ontario Aircraft Service.

Even if Feldmann had named a state actor, his complaint does not state a federal claim upon which relief can be granted. He has not alleged sufficient facts to support a claim, and many of the facts he does allege are difficult to follow. He does not assert claims against any specific person, instead naming financial clerks, owners, and bank clerks. In addition, the claims themselves do not stated federal causes of action. He alleges the financial clerk/owner at Speedy Cash Loans did not comply with a contract for accepting repayment of a loan. In addition, he alleges the clerk/owner used "a time frame of interest to exceed without cause also in reference to assets and anscestory [sic] files that include fraud." Complaint at 3. He alleges the clerk/owner of Rapid Cash was "suspiciously defiant" and engaged in "uncalled for harassment." *Id.* He alleges the bank clerks were "defiant about responsibilities," and Ontario Aircraft Services failed to spell his name correctly or make three attempts to deliver a parcel to him. *Id.* at 3-4.

Additionally, the complaint refers to "private, personal confidential, and retalitable [sic], including indusive [sic] by means of [phlebotomists]. Threats in which include no police protection." Complaint at 5. He refers to police reports he filed with the AZUSA Police Department for "continuously stealing briefcases." *Id.* He alleges Greyhound Bus Lines and American Bus Lines were provided without his knowledge. *Id.* at 6. Plaintiff requests damages of "a respectful fee of one hundred and twenty-five million dollars for negligence," along with "a respectful fee of seventy-five million dollars." Complaint at 10. 18 U.S.C. 1915(d) allows a court to dismiss "claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The court may dismiss all or part of a plaintiff's complaint as frivolous if it lacks arguable basis in either fact or law. *Id.*; *see also* 28 U.S.C. § 1915(e)(2). The court finds Feldmann's claims describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. Because the complaint does not set forth a plausible claim against any state actor, it is recommended that it be dismissed with prejudice. Leave to amend will not be granted because Feldmann's claims cannot be cured by the allegation of additional facts. *See Lopez*, 203 F.3d at 1126, 1131; *see also Cato*, 70 F.3d at 1106.

Finally, with respect to Plaintiff's claim against the postmaster/clerks of the United States Postal Service are employees of an independent federal agency. As a result, Plaintiff's claim against these employees is properly construed as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens,* the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a person's constitutional rights. *See Correctional Svs Corp. v. Malesko,* 534 U.S. 61, 66 (2001). *Bivens* actions against federal employees are the "judicially crafted counterpart" to claims against state actors arising under 42 U.S.C.§ 1983. *See Chavez v. I.N.S.,* 17 F. Supp. 2d 1141, 1143 (S.D. Cal. 1998) (citing *Gibson v. United States,* 781 F.2d 1334, 1342 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987)). A *Bivens* claim differs from a § 1983 claim only because a federal, rather than a state, defendant is sued. *Id.* (citing *Kreines v. United States,* 959 F.2d 834, 837 (9th Cir. 1992)). Plaintiff has not alleged that any of his constitutional rights were violated, and he does not state a *Bivens* claim.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint.

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

Dated this 29th day of September, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE