UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN WAYNE FELDMANN,        ) | |
|                                                          ) | Case No.: 2:14-cv-00764-GMN-PAL |
|                   Plaintiff,                    ) | |
|          vs.                                        ) | **ORDER** |
|                                                          ) | |
| U.S. BANK, *et al.*,                        ) | |
|                                                          ) | |
|                   Defendants.               ) | |
|                                                          ) | |

Before the Court are four one-page motions (ECF Nos. 7–10) filed by *pro se* Plaintiff Steven Wayne Feldmann ("Plaintiff"). Plaintiff initiated the present action on May 15, 2014 by submitting his Complaint (ECF No. 1-1) and requesting leave to proceed in forma pauperis. (ECF No. 1). The matter was referred to Magistrate Judge Peggy A. Leen for a screening order pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4. On September 30, 2014, Judge Leen entered a Report and Recommendation (ECF No. 3) granting Plaintiff's Application to Proceed in Forma Pauperis but recommending that his Complaint be dismissed with prejudice.

Pursuant to Local Rule IB 3-2(a), objections to the Report and Recommendation were due by October 17, 2014. No objection was filed by the due date. On October 20, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 1-4, the Court reviewed the record in this case and entered an Order (ECF No. 5) adopting Judge Leen's recommendation that Plaintiff's Complaint be dismissed with prejudice.

On January 5, 2015, over two months after the Court's Order dismissing the case with prejudice, Plaintiff filed his Motion to Reopen the Case (ECF No. 7) and Motion to Amend Deficiencies (ECF No. 8). Then on March 24, 2015, Plaintiff filed a Motion to Stay (ECF No. 9)

and a Motion to Transfer (ECF No. 10).  Though none of these motions are proper in this case under the Federal Rules of Civil Procedure, the Court is mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  Accordingly, the Court will view Plaintiff's filings with the appropriate degree of leniency and construe his Motion to Reopen the Case and Motion to Amend together as a Motion to Reconsider.

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order.  This rule, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The only grounds for reconsideration presented in Plaintiff's motions is the vague claim of "improper mail handling."  A claim of "improper mail handling," however, fails to satisfy any of the grounds necessary for the Court to reconsider its Order dismissing the Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen the Case (ECF No.

7) and Motion to Amend (ECF No. 8) are **DENIED.**

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (ECF No. 9) and Motion to Transfer (ECF No. 10) are **DENIED as moot.**

    **DATED** this 15th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court